**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JUAN D' JESUS CRUZ,

Petitioner,

v.

WARDEN OF ADELANTO, ET AL.,

Respondents.

No. ED CV 26-4077-SVW(E)

ORDER FOR ENTRY OF JUDGMENT

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for a Writ of Habeas Corpus, etc." ("the Petition") on July 21, 2026. Respondents filed "Federal Respondents' Response to Petition" on August 4, 2026. Petitioner filed "Petitions' [sic] Response, etc." on August 17, 2026. Petitioner seeks, and Respondents oppose, Petitioner's immediate release.

To obtain habeas relief, a petitioner must show that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." See Rasul v. Bush, 542 U.S. 466, 473 (2004); 28 U.S.C. §§ 2241(a), (c)(3). "It is the petitioner's burden to prove his custody is in violation of the Constitution, laws or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted). In the present case, Petitioner has failed to carry

his burden of proving entitlement to any relief other than, perhaps, a bond hearing. Petitioner's history and circumstances remain unclear from the papers on file. To the extent Petitioner challenges the conditions of confinement, Petitioner's challenge is misplaced. See Nettles v. Grounds, 830 F.3d 922, 927-29 (9th Cir. 2016), cert. denied, 580 U.S. 1063 (2017).

With regard to the possibility of a bond hearing, Respondents contends that Petitioner has not yet requested such a hearing. According to Petitioner, Petitioner has communicated multiple requests for a bond hearing to ICE agents, as well as to an immigration judge, all to no avail.

It appears Petitioner is entitled to a prompt bond hearing. See Rodriguez Vazquez v. Bostock, 2026 WL 2196424 (9th Cir. July 30, 2026). Therefore, the Petition is granted in part. Within seven (7) days of the entry of Judgment, Respondents must provide Petitioner (A-204-785-444) with a bond hearing before an immigration judge at which the Government bears the burden of proving by clear and convincing evidence that the detention of Petitioner is

///

///

///

///

///

///

///

///

///

///

///

///

necessary because Petitioner is an unacceptable danger to the community or an unacceptable risk of flight.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 24, 2026

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

PRESENTED this 21st day of August 21, 2026, by:

/S/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE